■ In the Matter of TROY VAVAL, Petitioner, v ELIZABETH HOLTZMAN et al., Respondents.—Proceeding pursuant to CPLR article 78 to prohibit the respondents from further prosecuting the petitioner under Kings County indictment No. 13364/88 on the ground of double jeopardy.

Adjudged that the proceeding is dismissed on the merits, without costs or disbursements, and the provision of the order to show cause of Justice Sullivan of this court, dated June 12, 1989, staying the respondents from further prosecuting the petitioner under Kings County indictment No. 13364/88, is vacated forthwith.

We have reviewed the petitioner's contentions and find them to be without merit. Contrary to the petitioner's position, the retrial of the subject indictment would not violate the prohibition against double jeopardy since the mistrial was granted on the petitioner's own motion. The fact that the petitioner's motion was first denied and subsequently granted by the trial court is of no consequence because the denial occurred at the conclusion of court proceedings on May 2, 1989, and the motion was granted immediately upon the commencement of the proceedings the following day, before any additional proceedings occurred *(see, United States v Pappas,* 445 F2d 1194, *cert denied sub nom. Mischlich v United States,* 404 US 984; *cf., People v Catten,* 69 NY2d 547). In addition, there is no evidence of a bad-faith intention on the part of the prosecution to provoke a mistrial motion. Accordingly, the petition for a judgment in the nature of a writ of prohibition is denied. Mollen, P. J., Mangano, Lawrence and Rubin, JJ., concur.